UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

GAYLON THOMAS                              CIVIL ACTION

VERSUS                                     NO: 06-9449

COASTAL DRILLING CO., LLC                  SECTION: "J" (3)


                           **ORDER AND REASONS**

   Before the Court is Defendant's Motion for Partial Summary Judgment (Rec. Doc. 27).  For the reasons below, Defendant's Motion is **DENIED.**

                              **BACKGROUND**

   Plaintiff has filed this Jones Act claim against his employer for injuries that he allegedly received while aboard an oil drilling barge located in the Gulf of Mexico off the coast of Louisiana.  Plaintiff claims that he was injured when he was ordered to pull the slips from the rotary table by himself. Plaintiff claims that the weight of the slips caused him to sustain a back injury.  This is known as the "Slip-Pulling Incident."

    Plaintiff and Defendant also agree that there was a second incident, known  as the "Mocking Incident."   Plaintiff

apparently was attempting to mock a fellow crew member by imitating the crew member's limp.  The incident allegedly led to Plaintiff's injury when the Plaintiff twisted his back following the incident.

Defendant seeks this motion for summary judgment to determine that the mocking incident occurred prior to the slip pulling incident.

## LEGAL STANDARD

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986).

## DISCUSSION

Plaintiff's opening sentence in his opposition best sums up this motion.  "Plaintiff is unclear as to the purpose of Defendant's Motion for Partial Summary Judgment."  (Rec. Doc. 31 at 1).  The Court is also unclear as to the purpose of this

motion.  Defendant seeks to have the Court declare that the mocking incident occurred prior to the slip pulling incident. Plaintiff has admitted that the Plaintiff was confused in his deposition as to the dates of the two incidents, and admits that the mocking incident occurred prior to slip pulling incident.

The Court assumes that the purpose of the motion is to allow the Defendant to argue that the twisted back suffered during the mocking incident is the cause (or the partial cause) of the injuries sustained by the Plaintiff that are the subject of this lawsuit.  However, while the timing of the events in question is certainly relevant information, it is not dispositive.

If this case were a jury trial, then perhaps there would be a reason to preclude litigation on the timeline of events. However, this is a bench trial.  The Court should be able to parse out the timeline after listening to the evidence and is unlikely to get confused.  This type of situation is precisely the reason that cross examination is used.  Defendant is free to cross examine any witness who gives a story that is different from the facts as it perceives them.  Accordingly,

**IT IS ORDERED** that Defendant's Motion for Partial Summary Judgment (Rec. Doc. 27) is **DENIED**.

New Orleans, Louisiana this the 11th day of December, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE